Keith B. COOK, Petitioner—Appellant,

v.

George M. GALAZA, Respondent—
Appellee.

No. 01–15164.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 7, 2001.

Submission Withdrawn April 12, 2002.

Resubmitted March 17, 2003.

Decided April 10, 2003.

BEFORE: B. FLETCHER,
BOOCHEVER and FISHER, Circuit
Judges.

MEMORANDUM *

Appellant Cook argues that his indeterminate life sentence with a mandatory minimum of 25 years, imposed under California's Three Strikes Law after Cook was convicted of possessing .16 grams of methamphetamine, is grossly disproportionate to his crime in violation of the Eighth Amendment.[1] In light of the Supreme

---

1. Cook otherwise qualified for three strikes enhancement because he had been convicted 10 years earlier, in February 1988, of seven counts of robbery and attempted robbery, in violation of California Penal Code §§ 211 and 664. The record contains no details of these crimes.

Cook's February 1988 robbery and attempted robbery convictions were the only prior offenses charged as strikes and, therefore,

were the only prior offenses that subjected him to a sentence of 25 years to life. Cook's other past offenses were not treated as prior strikes. Cook was convicted of misdemeanor battery in 1981, when he was 19 years old, and misdemeanor battery in 1982. He was convicted of first degree burglary in 1983 and again in 1984, and was sentenced to four years in prison following the latter conviction. He was released on parole in 1986 and was returned to prison in 1987 for violating his parole. In 1994, Cook was convicted of possession of a controlled substance, and sentenced to state prison for four years. He was released on parole and returned to prison for

Court's recent decisions in *Lockyer v. Andrade*, —— U.S. ——, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003), and *Ewing v. California*, —— U.S. ——, 123 S.Ct. 1179, 155 L.Ed.2d 108 (2003), we must AFFIRM the district court's denial of Cook's petition for habeas corpus.

## I.

We must determine under 28 U.S.C. § 2254(d)(1) whether the California Court of Appeal's decision affirming Cook's sentence was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *See Andrade*, 123 S.Ct. at 1172 (disapproving this circuit's requirement that federal habeas courts review state court decisions de novo before applying AEDPA's deferential standard of review). "[I]n this case, the only relevant clearly established law amenable to the 'contrary to' or 'unreasonable application of' framework is the gross disproportionality principle, the precise contours of which are unclear, applicable only in the 'exceedingly rare' and 'extreme' case." *Id.* at 1173 (quoting *Harmelin v. Michigan*, 501 U.S. 957, 1001, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991) (Kennedy, J., concurring in part and concurring in judgment)).

Thus, the more specific question is whether the California Court of Appeal's decision affirming Cook's sentence was contrary to, or involved an unreasonable application of, the gross disproportionality principle. We hold that it did not, despite the obvious harshness of Cook's sentence.

A state court decision is contrary to clearly established federal law only " 'if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases' or 'if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a [different] result.' " *Id.* (quoting *Williams v. Taylor*, 529 U.S. 362, 405–06, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000)). The state court did not contradict governing law, having relied properly on *Rummel v. Estelle*, 445 U.S. 2263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980), as well as *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), and *Harmelin* in deciding that Cook's sentence was not grossly disproportionate to his crime. *See Andrade*, 123 S.Ct. at 1173–74 (holding that it was not contrary to clearly established law for the state court to rely on *Rummel* ).

The facts of Cook's case also are not "materially indistinguishable" from *Solem*, in which the Supreme Court overturned a life sentence without possibility of parole imposed under South Dakota's recidivist statute. 463 U.S. at 281, 303. The prisoner in *Solem* had been convicted of six prior serious but nonviolent felonies, including several burglaries and one conviction for grand larceny, and his final conviction was for uttering a no-account check in the amount of $100. *Id.* at 279–81. Unlike the prisoner in *Solem*, Cook retains the possibility of parole once he has served his 25 year mandatory minimum sentence. The two cases are therefore distinguishable. Cook's case bears a closer resemblance to *Andrade* and *Ewing*, in which the Supreme Court upheld indeterminate life sentences with mandatory minimums of 25 years imposed under California's Three Strikes Law. *See Andrade*, 123 S.Ct. at 1167 (upholding petitioner's two consecutive terms of 25 years to life for stealing videotapes worth $150); *Ewing*, 123 S.Ct.

violation of parole twice, first in 1996 and again in 1997. In 1996, Cook was convicted

of misdemeanor battery.

at 1189–90 (upholding defendant's sentence of 25 years to life for shoplifting three golf clubs worth nearly $1,200).

A state court decision involves an unreasonable application of clearly established law only " 'if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." ' *Andrade,* 123 S.Ct. at 1174 (quoting *Williams,* 529 U.S. at 413). The state court's application of the principle must be "objectively unreasonable." *Id.* Because the precise contours of the gross disproportionality principle are unclear, legislatures have "broad discretion to fashion a sentence that fits within the scope of the [ ] principle." *Id.* at 1175. It was not objectively unreasonable for the California Court of Appeal to affirm Cook's sentence. *See id.*

**AFFIRMED.**

---

* Honorable David Bury, of the United States District Court for the District of Arizona, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.